———o———

## No. 6134.

## CITY BANK & TRUST COMPANY vs. THOMAS G. MORAN.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 94,293. Hon. Porter Parker, Judge.

Dart, Kernan & Dart, for plaintiff and appellee.

Geo. W. Flynn and Grasser, attorneys.

R. H. Marr, for appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

On December 22nd, 1911, plaintiff obtained a judgment against defendant for $400.00 with eight per cent interest from May 4, 1910.

On June 27, 1913, plaintiff issued a fi fa, and caused to be seized an automobile, make E. M. F., as the property of the defendant.

Whereupon Mary Guiravich, wife of defendant, Thomas G. Moran, filed a third opposition, claiming to be the owner of said automobile. She alleged that she had purchased the same from the Bishop-Waterman Company, about June 7, 1913, and had paid it $200 cash and given besides a Thomas car; that she had purchased the Thomas car from the Amplex Motor Car Company in January, 1912, for the price of $487.00; that she had procured this money by a loan effected under an order of Court and secured the payment of the same by a mortgage on her property which she inherited from her parents; that she made proof of all of the above facts to the Sheriff and plaintiff herein who persisted in said seizure; she prayed for an injunction against the seizure and sale of her machine, for a judgment recognizing her as the owner thereof, and for damages for the illegal seizure.

There was judgment dissolving the injunction and Mistress Moran has appealed.

Inasmuch as this automobile was purchased during marriage the presumption is, it was community property, and the burden of proof is upon the wife, third opponent,

to establish that it was bought for her, and paid with her separate funds under her separate control and administration, and thus her separate paraphernal property.

The evidence shows that Mrs. Moran purchased a double cottage, corner of Joseph and Coliseum for $2,-400.00 in 1897, prior to her marriage, and that she inherited from her mother another double cottage, corner of Second and Chippewa; on April 25, 1910, she obtained from Court an authorization to borrow $1000; and by act of Ben Ory, dated April 27, 1910, she borrowed $1000 and secured the payment of it by mortgage on her Joseph Street property. She opened an account in the United States Bank, and deposited the $1000 there. She introduced in evidence a receipt dated January 12, 1912, from the Amplex Sales Agency for $487.60, in payment of a Thomas automobile sold to her, and a check of same date and same amount, drawn by her on the United States Bank to the order of the Amplex Sales Agency. She also introduced in evidence a deed of sale dated June 7, 1913, from the Bishop-Waterman Motor Co., to her of an E. M. F. automobile for the price of $200 cash and a Thomas automobile, together with five checks drawn by her on the United States Bank, to the order of the Bishop-Waterman Motor Co.:

| | |
|---|---:|
| One dated June 7, for ..................... | $25.00 |
| One dated June 14, for ................... | 35.00 |
| One dated June 21, for..................... | 25.00 |
| One dated June 23, for..................... | 50.00 |
| One dated June 25, for..................... | 75.00 |
| Making a total of ..................... | $210.00 |

And a receipt dated June 26, for $200 and the Thomas car. It is also in evidence that the $487.50 were made up

of the rents of her two properties which were in her bank account at the rate of $50 a month. It is also in evidence that the defendant, Moran, is without means.

There is no evidence to contradict the above facts. Plaintiff shows that Moran applied for an automobile plate in March, 1913, in his own name. But it was for a Chalmers make, and not for the machine claimed by third opponent. He also shows that an automobile was assessed against Moran. Mistress Moran cannot be bound by any action of Moran or of the assessors.

We think the evidence establishes that the automobile seized in this case is the property of the third opponent. But we do not think that she is entitled to damages, as the legal presumption was the machine was her husband's and the surrounding circumstances created that presumption.

It is therefore ordered, adjudged and decreed that the judgment of the District Court herein be reversed, and that there now be judgment against the plaintiff herein, the City Bank and Trust Company, and in favor of the third opponent, Mary Guirovich, wife of Thomas G. Moran, maintaining her injunction herein and recognizing her as the owner of the E. M. F. automobile seized herein, and that plaintiff herein, the City Bank and Trust Company, pay all costs of both Courts.

Opinion and decree, June 15th, 1914.

Rehearing refused June 30, 1914.